Port Morris Distillery Inc. v Sengdara LLC (2024 NY Slip Op 06313)

Port Morris Distillery Inc. v Sengdara LLC

2024 NY Slip Op 06313

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Index No. 28396/18 Appeal No. 3261 Case No. 2023-06164 

[*1]Port Morris Distillery Inc., Plaintiff-Respondent,
v
Sengdara LLC, Defendant, Global Estate LLC, et al., Defendants-Appellants.

Adam Leitman Bailey, P.C., New York (Vladimir Mironenko of counsel), for appellants.
Ginsburg & Misk LLP, Queens Village (Christopher Ryan Clarke of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 30, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Sengdara LLC, Global Estate LLC, 164 Realty NY LLC, Three Suns Holdings LLC, and Sandy Sun LLC (collectively, the landlord) for a money judgment, vacated the bond posted by plaintiff tenant Port Morris Distillery Inc. and denied any relief related to the bond, unanimously modified, on the law, and the matter remanded to reinstate the bond in the amount of $100,000, and otherwise affirmed, without costs.
Supreme Court correctly denied the landlord's motion for a money judgment, as the record presents issues of fact regarding whether the landlord constructively evicted the tenant by substantially and materially depriving the tenant of the beneficial use and enjoyment of the premises, relieving the tenant of the duty to pay rent (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 80-81, 83 [1970]). The affidavit of the tenant's president and the January 2022 architect's letter raise issues of fact regarding the landlord's alleged obstruction of the tenant's efforts to pursue necessary government applications and authorizations. The affidavit and the letter also raise issues of fact regarding the tenant's access to the roof to address leaks and complete a necessary inspection. These issues of fact are all relevant to whether the landlord's conduct prevented the tenant from obtaining a certificate of occupancy, as the tenant may be able to demonstrate that the landlord's obstruction rendered it unable to beneficially use and occupy the premises for its intended purpose as a distillery business. Moreover, even though the tenant had not yet permanently abandoned or surrendered the premises during the period for which the landlord seeks arrears, the tenant has presented evidence that the landlord's actions excluded it from the premises to the extent that it was not able to operate its intended business there during the period for which the landlord claims rent and use and occupancy (see 225 E. 64th St., LLC v Janet H. Prystowsky, M.D. P.C., 96 AD3d 536, 537 [1st Dept 2012]).
Although the tenant's argument as to the issue of constructive eviction is raised for the first time on appeal, we nonetheless address it, as it constitutes a legal argument that appeared on the face of the record and could not have been avoided if brought to the court's attention at the proper time (see Watson v City of New York, 157 AD3d 510, 511 [1st Dept 2018]).
We agree with the landlord, however, that Supreme Court should not have vacated the bond, as the motion to vacate the Yellowstone injunction was timely for purposes of preserving the bond. The May 12, 2022 amended order gave the landlord 30 days from service of the notice of entry to move to vacate the injunction and preserve the bond, and the notice of entry was served on the same day. Thirty days from the notice of entry fell on a [*2]Saturday. Therefore, the landlord was not obligated to file its motion to vacate until the next business day, which was Monday, June 13, 2022 — the day that the landlord did, in fact, file its motion (General Construction Law § 25-a[1]).
Because the landlord timely moved to vacate the Yellowstone injunction, the matter is remanded to reinstate the bond in the previously posted amount of $100,000. Nevertheless, because the landlord has not yet established its entitlement to a money judgment, it is not entitled to draw down on the bond at this time.
We have considered the landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2024